GEBAJ, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 10—June 3, 1924.*

*Criminal law: Intoxicating liquors: Evidence: Sufficiency.*

In a prosecution for selling intoxicating liquor, the fact that the bottles of beer used in evidence, and admitted to contain whatever alcoholic content the chemist's labels showed, were not shown to have remained sealed from the time of seizure until analyzed, did not render the evidence insufficient for a conviction.   p. 290.

ERROR to review a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

*A. W. Richter* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, George A. Shaughnessy,* district attorney of Milwaukee county, and *John P. Donnelly,* assistant district attorney, and oral argument by *Mr. Donnelly.*

ROSENBERRY, J.   The plaintiff in error, hereinafter called the defendant, was convicted of selling intoxicating liquor and sentenced to the house of correction of Milwaukee county.

The sole question raised upon this appeal is the sufficiency of the evidence to sustain the verdict.   It appears that four bottles of beer were seized on July 13, 1923.   Upon the preliminary examination one of the bottles was offered in evidence and it was admitted that the alcoholic content of the bottle was in excess of one half of one per cent.   At the beginning of the trial in circuit court, counsel for the defendant stipulated that the alcoholic content of the liquor purchased was whatever Mr. Huebner, the chemist, put on the labels on the three remaining bottles.   The bottles were received in evidence without objection, and upon the label on the bottles was the following:

"Health Department.   Alcohol 5.40 % by weight.
"E. Huebner Analysis,
"Chemical Laboratory Division."

In the face of this record it is contended that, because it was not shown that the bottles remained sealed during the period intervening between the time they were seized and the time they were analyzed, the evidence was insufficient to show that the liquor had a greater alcoholic content than one half of one per cent. at the time of seizure. This contention is without a shadow of merit. The time of counsel, to say nothing of that of this court, might be better occupied than discussing a question so flimsy and obviously without merit as is that presented by the record in this case.

*By the Court.*—Judgment affirmed.